J. A18026/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                          v.                        :
                                               :
SAMUEL D. MITCHELL,                :          No. 1751 MDA 2015
                                               :
                     Appellant        :


Appeal from the Judgment of Sentence, August 21, 2014,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0006021-2012


BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 06, 2016**

Samuel D. Mitchell appeals from the August 21, 2014 judgment of sentence entered in the Court of Common Pleas of Dauphin County after a jury convicted him of possession with intent to deliver a controlled substance ("PWID"),[1] conspiracy -- PWID,[2] unlawful possession of drug paraphernalia,[3] and unlawful possession of a small amount of marijuana.[4]  The trial court sentenced appellant to an aggregate term of incarceration of 60 to

---

* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 903(c).

[3] 35 P.S. § 780-113(a)(32).

[4] 35 P.S. § 780-113(a)(31)(i).

120 months with all charges running concurrently. This term of incarceration included a mandatory minimum of 5 years pursuant to 42 Pa.C.S.A. § 9712.1 relating to sentences for certain drug offenses committed with a firearm. We vacate appellant's judgment of sentence and remand for resentencing.

At the outset, we note that the underlying facts giving rise to appellant's convictions are not germane to this appeal. With respect to the procedural history, the record reflects that appellant failed to file a post-sentence motion pursuant to Pa.R.Crim.P. 720. The record further reflects that on September 4, 2014, appellant filed a motion for extraordinary relief from imposition of mandatory minimum sentence. (No. 1599 MDA 2014, Docket #45.) Although appellant was represented by counsel at this time, this motion appears to be a *pro se* filing. As noted by the trial court:

> The post-trial procedural history in this matter is somewhat confusing due to [appellant's] various *pro se* filings despite being represented by counsel, including one on which he improperly attempted to represent as being filed by his counsel of record. Similarly confusing is the *pro se* [Pa.R.A.P.] 1925(b) statement submitted to the Court. The statement of matters complained of on appeal is far from concise as it is a four (4) page single paragraph that appears to raise ineffective assistance of counsel claims that are more appropriately addressed in a Petition under the Post-Conviction Relief Act, alleges errors related to this Court's disposition of his pre-trial suppression motion, appears to raise a possible challenge to the sufficiency of the evidence underlying the conviction for conspiracy to commit [PWID], raises a challenge

> to the mandatory minimum sentence imposed pursuant to 42 Pa.C.S.[A.] § 9712.1, and finally, makes a completely incorrect claim that a hearing on his suppression motion never occurred prior to trial.

Trial court opinion, 12/22/14 at 2-3 (footnote omitted).

The trial court further incorrectly noted that it ordered appellant to file his Pa.R.A.P. 1925(b) statement by September 22, 2014. (***Id.*** at 3.) The trial court then incorrectly concluded that because appellant filed his Rule 1925(b) statement on October 7, 2014, it was untimely. (***Id.***)

Our review of the record reveals that the trial court entered an order on September 22, 2014, that required appellant to file his Rule 1925(b) statement within 21 days of entry of the September 22, 2014 order. (No. 1599 MDA 2014, Docket #49.) The record further reflects that appellant filed his Rule 1925(b) statement on October 6, 2014, which was well within the 21-day period.[5] (No. 1599 MDA 2014, Docket #51.) Therefore, appellant filed a timely Rule 1925(b) statement.

The record further reflects that on January 12, 2015, this court dismissed appellant's direct appeal at No. 1599 MDA 2014 for appellant's failure to file a brief. (Order of court, 1/12/15.) On March 17, 2015, appellant then filed a timely petition under the Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Subsequently, on September 11, 2015,

---

[5] We note that the docket indicates that appellant's Pa.R.A.P. 1925(b) statement was filed on October 7, 2014, but the statement is time stamped as being filed on October 6, 2014. (No. 1599 MDA 2014, Docket #51.)

appellant's direct appeal rights were reinstated. (No. 1751 MDA 2015, Docket #14.) On October 13, 2015, appellant's notice of appeal to this court was docketed. Appellant is represented by counsel in this appeal.

Appellant raises the following issues for our review:

>   A.   WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT PERMITTED THE COMMONWEALTH'S EXPERT WITNESS TO TESTIFY IN A MANNER THAT WAS UNDULY PREJUDICIAL IN THAT IT INVITED THE JURY TO ACCEPT HIS OPINION REGARDING AN ULTIMATE ISSUE OF FACT RATHER THAN INDEPENDENTLY ASCERTAIN AND ASSESS THE FACTS[?]
>
>   B.   WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT SENTENCED THE APPELLANT TO A MANDATORY SENTENCE IN RELIANCE ON STATUTORY SENTENCING GUIDELINES [THAT] ARE UNCONSTITUTIONAL[?]

Appellant's brief at 4.

Appellant first complains that the trial court erred by permitting the Commonwealth's expert on street-level drug trafficking to testify at trial that appellant possessed marijuana with intent to distribute under the guise of a hypothetical question during direct examination. (Appellant's brief at 10-12.) Appellant concedes that "[a]lthough trial counsel could and should have objected to this aspect of the testimony," he nevertheless claims that "the trial court had an obligation to address this prejudicial testimony immediately." (Appellant's brief at 12.) It is well settled that a "[f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim

on appeal." ***Commonwealth v. Thoeun Tha***, 64 A.3d 704, 713 (Pa.Super. 2013) (citations omitted); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Therefore, appellant waives this issue on appeal.

Appellant next contends that ***Alleyne v. United States***, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and its progeny, render the mandatory sentence imposed upon him under 42 Pa.C.S.A. § 9712.1 illegal. ***See Alleyne***, 133 S.Ct. at 2163 (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and must be found beyond a reasonable doubt). We agree.

This claim implicates the legality of appellant's sentence and, therefore, cannot be waived. ***See Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa.Super. 2014) (***en banc***) (finding that "a challenge to a sentence premised upon ***Alleyne*** [] implicates the legality of the sentence and cannot be waived on appeal.").[6] We note that the trial court acknowledges that appellant's sentence is illegal. (Trial court opinion, 12/22/14 at 3-6.) Additionally, the Commonwealth does not contest this issue. (Commonwealth's brief at 18-19.)

---

[6] We note that our supreme court granted ***allocatur*** to determine whether a challenge to a sentence pursuant to ***Alleyne***, ***supra***, implicates the legality of the sentence and is, therefore, non-waivable. ***Commonwealth v. Barnes***, 122 A.3d 1034 (Pa. 2015) (***per curiam***). As our high court has yet to decide this issue, ***Newman***, ***supra***, controls.

*Alleyne* rendered 42 Pa.C.S.A. § 9712.1 constitutionally infirm in its entirety because the statute allows the sentencing court to determine, by only a preponderance of the evidence, the application of a mandatory minimum. *See Newman*, 99 A.3d at 98; *see also Commonwealth v. Watley*, 81 A.3d 108, 112 n.2 (Pa.Super. 2013) (*en banc*); *Commonwealth v. Munday*, 78 A.3d 661, 666 (Pa.Super. 2013). Therefore, because the trial court imposed appellant's sentence under Section 9712.1, it is unconstitutional in its entirety and, therefore, illegal and must be vacated. Because this unconstitutional infirmity upsets the trial court's overall sentencing scheme, we vacate appellant's judgment of sentence in its entirety and remand for resentencing, without consideration of 42 Pa.C.S.A. § 9712.1. *See Commonwealth v. Ferguson*, 107 A.3d 206, 213-214, 216 (Pa.Super. 2015) (vacating entire sentence pursuant to *Alleyne* and remanding for resentencing on all counts, where the sentence encompassed both counts subject to mandatory minimum sentencing provisions and counts not subject to mandatory minimum sentencing provisions).

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

J. A18026/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2016